IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| MICHAEL ALONZA RUFUS,<br><br>  Petitioner,<br><br>v.<br><br>STATE OF GEORGIA,<br><br>  Respondent. | CIVIL ACTION NO.: 5:20-cv-117 |

**ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Michael Rufus ("Rufus") filed a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus, as amended. Docs. 1, 3. For the reasons which follow, I **RECOMMEND** the Court **DISMISS without prejudice** Rufus' Amended Petition for failure to exhaust his state remedies, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Rufus *in forma pauperis* status on appeal.[1] I **DENY as moot** Rufus' Motion for Leave to Proceed *in Forma Pauperis*, **GRANT** Rufus' Motion to Amend (for

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair . . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotation marks omitted). A magistrate judge's Report and Recommendation provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union, 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating a party has notice of a district court's intent to sua sponte grant summary judgment where a magistrate judge issues a report recommending the sua sponte granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting report and recommendation served as notice claims would be sua sponte dismissed). This Report and Recommendation constitutes fair notice to Rufus his suit is due to be dismissed. As indicated below, Rufus will have the opportunity to present his objections to this finding, and the presiding district judge will review de novo properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

completeness purposes only), and **DENY** Rufus' "Petitions" for Disqualification.[2]  Docs. 2, 5, 6, 7.

## BACKGROUND

Rufus filed his 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus challenging Baldwin County pre-trial proceedings and a Motion for Leave to Proceed *in Forma Pauperis*.  Docs. 1, 2.  Rufus filed an amendment to his Petition, as well as a Motion to Amend.  Docs. 3, 6.  Rufus also filed Petitions for Disqualification.  Docs. 5, 7.  On March 18, 2021, I issued an Order directing Rufus to advise whether this Court is the appropriate venue to entertain his claims and whether he is "in custody" or convicted for habeas purposes within 14 days of that Order.[3]  Doc. 9.  Rufus responded to that Order, stating he is seeking pre-trial relief under § 2241(c)(3).  Doc. 11 at 1.

---

[2]  The Court grants Rufus' Motion to Amend and has considered the assertions he sets forth in this Motion.  Doc. 6.  However, Rufus does not make statements indicating he exhausted his state remedies prior to filing his original Petition.  Instead, Rufus notes his fiancée filed an action with the Georgia Supreme Court in 2021 concerning the destruction of their liberty interests "under the custom of universality[]" and other filings made after Rufus filed the instant § 2241 Petition.  Id. at 3.

[3]  Although the Court stated Rufus' Petition was likely subject to transfer in its March 18, 2021 Order, doc. 9 at 3, further review of his Petition and other filings reveals transfer is not appropriate at this time.  A district court may raise the issue of defective venue sua sponte.  Collins v. Hagel, No. 1:13-CV-2051, 2015 WL 5691076, at *1 (N.D. Ga. Sept. 28, 2015) (citing Kapordelis v. Danzig, 387 F. App'x 905, 906–07 (11th Cir. 2010) (affirming sua sponte transfer, pursuant to 28 U.S.C. § 1406(a), of pro se prisoner's civil rights action from New York to Georgia); Berry v. Salter, 179 F. Supp. 2d 1345, 1350 (M.D. Ala. 2001); cf. Lipofsky v. N.Y. State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988); and Nalls v. Coleman Low Fed. Inst., 440 F. App'x 704, 706 (11th Cir. 2011)).  When venue is improper, a court "shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought."  28 U.S.C. § 1406(a).  "The court may transfer the case if (1) the proposed transferee court is one in which the action 'could have been brought' and (2) transfer would be 'in the interest of justice.'"  Leach v. Peacock, Civil Action No. 2:09cv738, 2011 WL 1130596, at *4 (M.D. Ala. Mar. 25, 2011) (citing 28 U.S.C. § 1406(a)).  Trial courts generally have broad discretion in determining whether to transfer or dismiss a case.  Id. (citing England v. ITT Thompson Indus., Inc., 856 F.2d 1518, 1520 (11th Cir. 1988)).  Here, a transfer would not be in the interests of justice, as Rufus did not exhaust his state remedies prior to filing his § 2241 Petition, as required.

**DISCUSSION**

In his Petition, Rufus states he is a "pretrial detainee waiting for trial on criminal charges" in Baldwin County Superior Court (case 2018CR52779) but was serving a sentence based on Walton County charges (case 2011CR0354). Doc. 1 at 2. Rufus then states his proceedings and judgment for his Walton County case "are coram non judice and void . . . ." Id. However, Rufus also states he is challenging the "initiation and prosecution" of proceedings in Baldwin County,[4] claiming these proceedings violate his rights to due process, equal protection, assistance of counsel, and a speedy trial. Id. at 3, 6–12. Rufus asserts he had no available remedies in state court he could pursue. Id. at 4. In addition, Rufus states he "cannot expect" Judge William A. Prior, Jr., "to adjudicate his claims [filed in state court] because the case involves Petitioner's filing of a UCC lien no. 005201600382 against the State Bar of Georgia, numerous [s]tate court judges, and other court-county-State officials whom has [sic] participated in Petitioner's prosecution (Case no. 2011CR0354) and obstructing his access to the courts of Georgia . . . ." Id. Rufus maintains his Baldwin County proceedings were not initiated until he tried to add Judge Prior to this lien in Baldwin County. Id.; Doc. 3

**I.    Whether Rufus Exhausted His State Remedies**

Rufus' Petition should be dismissed because he failed to exhaust his available state remedies prior to filing his Petition. The Court notes Rufus' challenge to pretrial proceedings in Baldwin County was properly brought under § 2241. Hughes v. Coursey, No. CV110-077, 2010 WL 3338696, at *1 (S.D. Ga. July 10, 2010) (citing Medberry v. Crosby, 351 F.3d 1049, 1060

---

[4]    Rufus' filings indicate he is challenging his pre-trial proceedings for charges in Baldwin County, Georgia (case 2018CR52779), and provides information on his Walton County conviction only in passing or as a backdrop for his pending Baldwin County proceedings. Doc. 1 at 2, 4, 6–12; Doc. 3. To the extent the Court's reading is incorrect, Rufus cannot challenge both his Baldwin County and Walton County proceedings in one § 2241 Petition.

3

(11th Cir. 2003)).  A writ of habeas corpus may issue to a prisoner pursuant to § 2241 if the prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  While "the habeas corpus remedy is authorized by § 2241," it is "also subject to § 2254 and all of its attendant restrictions."  Peoples v. Chatman, 393 F.3d 1352, 1353 (11th Cir. 2004).

Prior to filing a petition for writ of habeas corpus in federal court, a petitioner must first seek relief from the courts within his state of conviction.  That requirement is as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B)(i) there is an absence of available State corrective process; or
>>
>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).  "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(c).  The United States Supreme Court has held "a state prisoner must present his claims to a state supreme court in a petition for discretionary review in order to satisfy the exhaustion requirement" when discretionary review "is part of the ordinary appellate review process in the State."  O'Sullivan v. Boerckel, 526 U.S. 838, 839–40, 847 (1999).  Therefore, in order to exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  Id. at 845.  This exhaustion requirement also extends to a state's collateral

4

review process.  Gary v. Ga. Diagnostic Prison, 686 F.3d 1261, 1274 (11th Cir. 2012); Pope v. Rich, 358 F.3d 852, 854 (11th Cir. 2004).  Failure to exhaust all claims or to demonstrate that exhaustion is futile prior to bringing a § 2254 petition requires that the petition be dismissed.  See Nelson v. Schofeld, 371 F.3d 768, 771 (11th Cir. 2004), *superseded by rule on other grounds, as recognized in* Hills v. Washington, 441 F.3d 1374 (11th Cir. 2006).

While a state prisoner's failure to exhaust his remedies in state court ordinarily will result in the automatic dismissal of his federal habeas petition, this is not always true.  See 28 U.S.C. §§ 2254(b) & (c).  First, a court may deny a petition on the merits without requiring exhaustion "if it is perfectly clear that the applicant does not raise a colorable federal claim."  Granberry v. Greer, 481 U.S. 129, 135 (1987); 28 U.S.C. § 2254(b)(2).  The State may also expressly waive the exhaustion requirement.  Hills, 441 F.3d at 1376.  Finally, a court should not require exhaustion if it has been shown "there is an absence of available State corrective process," or that "circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1)(B).  The exhaustion requirement should not be applied "if the state court has unreasonably or without explanation failed to address petitions for relief."  Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991).

Rufus has not shown this Court should entertain his federal petition.[5]  It appears from the face of his Petition he has not exhausted his state remedies prior to the filing of his Petition, as amended.  Hughes, 2010 WL 3338696, at *2 (noting exhaustion requirement applies to

---

[5] Pursuant to Rule 4 of the Rules Governing § 2254 Cases:

> The clerk must promptly forward the petition to a judge . . ., and the judge must promptly examine [the petition].  If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

challenges to pretrial detention and collecting cases). In addition, there is no evidence corrective process in the State of Georgia is unavailable. Even accepting as true Rufus' assertion he has filed several pretrial motions with the Baldwin County Superior Court, he also asserts he has not received rulings on these motions, despite having filed them a short time prior to filing the instant Petition. Id. ("In Georgia, the proper method for challenging pre-trial detention, . . ., is a state petition for a writ of habeas corpus."). Rufus failed to exhaust his available state remedies prior to filing his Petition, and his Petition should be dismissed, without prejudice.[6]

## II.   Rufus' "Petitions" for Disqualification, Docs. 5, 7

Through these Petitions, it is unclear how Rufus believes I and the Honorable Lisa Godbey Wood should be disqualified. Rufus states Judge Wood and I "have not only practiced law in Georgia under the unconstitutional custom but are active participants in the custom's application in the federal courts under their capacities as judges." Doc. 5 at 4; see also Doc. 7 at 5. Rufus also states for Judge Wood and I to determine "the validity or voidness" of his Baldwin County proceedings would require us "to expose legal authorities and principles of an unconstitutional custom that they have committed torts of legal malpractice, negligence, and fraud as attorneys or prosecutors when they practiced law in Georgia . . . ." Doc. 5 at 4. Rufus

---

[6]    Additionally, it is unclear whether Rufus was "in custody" on the Baldwin County charges for purposes of habeas relief at the time he filed his Petition. Howard v. Warden, 776 F.3d 772, 776 (11th Cir. 2015) ("Section 2241 also requires a close relationship between the state's custody and the alleged constitutional violation. Specifically, a person must be in custody under the conviction or sentence under attack at the time his petition is filed.") (citation omitted). Rufus was incarcerated in Coffee Correctional Facility at the time he filed his Petition based on his Walton County convictions, not his pending charges in Baldwin County. http://www.dcor.state.ga.us/GDC/Offender/Query, search for "Rufus, Michael" and showing Rufus was released on Feb. 27, 2021, based on his Walton County conviction for possession with intent to distribute marijuana (last visited May 7, 2021). Rufus' criminal proceedings in two separate counties do not have a "close relationship" under Howard. To the extent Rufus wishes to challenge his pre-trial proceedings in Baldwin County, he may file another § 2241 petition in the appropriate federal court after he exhausts his state remedies.

6

objects to the failure to issue an order directing Respondent to show cause why Rufus should not be granted relief under § 2241.  Id.

Recusal is governed by 28 U.S.C. §§ 144 and 455.  Jones v. Commonwealth Land Title Ins. Co., 459 F. App'x 808, 810 (11th Cir. 2012).  Under § 144, a judge must recuse herself or himself when a party to a district court proceeding "files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party."  28 U.S.C. § 144.  "To warrant recusal under § 144, the moving party must allege facts that would convince a reasonable person that bias actually exists."  Christo v. Padgett, 223 F.3d 1324, 1333 (11th Cir. 2000).  Under § 455(a), a judge must disqualify herself or himself if her or his "impartiality might reasonably be questioned." 28 U.S.C. § 455(a).  Section 455(a) requires recusal where "an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality."  Parker v. Connors Steel Co., 855 F.2d 1510, 1524 (11th Cir. 1988).  Any doubts must be resolved in favor of recusal.  United States v. Kelly, 888 F.2d 732, 744 (11th Cir. 1989).

Regarding recusal under § 144, Rufus does not provide an affidavit and fails to plausibly allege judicial bias against him; rather, Rufus' contentions are nothing more than baseless assertions that, because Judge Wood and I practiced law in the State of Georgia prior to becoming members of the federal Judiciary, we have acted improperly in this case.  See United States v. Grinnell Corp., 384 U.S. 563, 583 (1966) ("The alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his [or her] participation in the case.").

Similarly, recusal under § 455 is not warranted. Disqualification "may not be predicated on the judge's rulings in the instant case or in related cases." Deems v. Comm'r of IRS, 426 F. App'x 839, 843 (11th Cir. 2011) (citing Phillips v. Joint Legis. Comm. on Performance & Expenditure Review of the State of Miss., 637 F.2d 1014, 1020 (5th Cir. 1981)). Because Rufus has not put forth any evidence raising reasonable doubts as to the assigned judges' impartiality, recusal is not warranted in this case. Thus, the Court **DENIES** Rufus' Petitions.

### III.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Rufus leave to appeal *in forma pauperis*. Though Rufus has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Rufus' failure to exhaust his state remedies, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Rufus *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** the Court **DISMISS without prejudice** Rufus' 28 U.S.C. § 2241 Petition, as amended, for failure to exhaust his state remedies, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Rufus leave to appeal *in forma pauperis*. I **DENY as moot** Rufus' Motion for Leave to Proceed *in Forma Pauperis*, **GRANT** Rufus' Motion to Amend, and **DENY** Rufus' Petitions for Disqualification. Docs. 2, 5, 6, 7.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not

meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 7th day of May, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA